NATIONAL SURETY CO. v. ST. NICHOLAS RINK ATHLETIC CLUB et al.

(Supreme Court, Appellate Term, First Department. February 10, 1915.)

1. PRINCIPAL AND SURETY (§ 57*)—LIABILITY TO SURETY.

Where a club, obtaining a license to hold boxing exhibitions and giving a bond under Laws 1911, c. 779, regulating boxing and providing for the issuance of licenses and the giving of bonds, held exhibitions during the second year pursuant to the terms of the license, based on the continuation of the surety's liability under the bond, the club must pay the required premium for the second year for the bond, and indemnify the surety for any payment made to the state under the bond.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 101; Dec. Dig. § 57.*]

2. PRINCIPAL AND SURETY (§ 57*)—INDEMNITY OF SURETY—CONSTRUCTION.

The liability of an applicant for a statutory bond to indemnify the surety for loss cannot be extended beyond the period originally contracted for without the consent of the applicant, and where an applicant applied for a bond for one year, under Laws 1911, c. 779, to obtain a license to hold boxing exhibitions, and agreed to indemnify the surety against loss thereunder and under a continuation of the bond, he was not liable for a continuation of the bond which the surety chose to give to the state, without the applicant's consent and against his protest, especially where, at the time of the protest, the surety had not incurred any liability under the bond.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 101; Dec. Dig. § 57.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the National Surety Company against the St. Nicholas Rink Athletic Club and another. From a judgment for plaintiff, defendants appeal. Affirmed as against defendant Athletic Club, but reversed as against defendant Cornelius Fellowes, and new trial granted as to him.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued January term, 1915, before GUY, BIJUR, and GAVE-GAN, JJ.

Anderson, Iselin & Anderson, of New York City (Outerbridge Horsey, of New York City, of counsel), for appellants.

Hastings & Gleason, of New York City (Edward L. Dennis, of New York City, of counsel), for respondent.

BIJUR, J.   This action arises out of facts presented in an agreed statement accompanied by certain documents.   From these it appears that on October 14, 1911, on a printed blank apparently prepared by plaintiff's predecessor, the Empire Surety Company, the defendants applied for a bond the purpose of which is described as to cover licenses to hold boxing exhibitions pursuant to chapter 779 of the Laws of 1911.   The fourth item in the application reads:

"(4) Bond to date from *October 14, 1911.* Duration of liability, *one year.*" (Words italicized are in writing; the balance is printed.)

At the end of the application are two paragraphs, in the first of which—

"the undersigned * * * agrees * * * to pay in advance the premium, * * * namely, $100, annually until the company is discharged or released, * * * or until the company shall have been furnished * * * due and satisfactory proof by evidence legally competent by ['by' probably a misprint for 'for'] such discharge and release."

In the last paragraph:

"The undersigned agree * * * to indemnify the company from and against any and all loss * * * by reason or in consequence of the company having executed said bond or bonds herein applied for, or a continuation thereof."

The bond which was issued upon this application was unlimited in point of time.   The license was issued April 23, 1912.   No boxing exhibitions were held during the year from October 14, 1911, to October 14, 1912.   The first year's premium was paid contemporaneously with the application.   On October 16, 1912, plaintiff addressed to the defendant St. Nicholas Rink Athletic Club a letter asking that the club and the defendant Fellowes, for the purpose of renewing the bond, sign certain blanks inclosed.   Immediately thereafter defendant Fellowes told the plaintiff, over the phone, that he was in no way responsible for the payment of further premiums, or any sum which had or might have accrued subsequent to April 14, 1912, for the reason that the duration of liability of the defendants in respect of said bond was expressly limited to the term of one year from October 14, 1911.   Boxing exhibitions were held in the month of April, 1913, as a result of which certain liability from the club to the state arose, was not paid by the club, but was liquidated by the plaintiff pursuant to the terms of the bond.   For the amount so paid, and for the premium of $100 for the second year, this action is brought, and judgment was rendered in favor of plaintiff.

[1] Although both defendants appeal, I can see no ground on which the defendant club can claim to avoid liability.   It held exhibitions in

the second year pursuant to the terms of the license, based upon a continuance of plaintiff's liability under the bond, and therefore, at least impliedly, consented to a continuance of that liability, and the continuance of its own obligation to pay the premium and to indemnify the plaintiff.

[2] As to appellant Fellowes, however, the situation is different. He not merely failed to consent to an extension of the liability for which he had originally contracted, but expressly disclaimed his intention to be bound beyond the term of his original contract. It cannot, I think, be successfully urged that the liability of an applicant for a bond to indemnify the surety company for losses thereunder can be extended beyond the period originally contracted for without the consent of the applicant. Were it otherwise, such liability could be continued forever, even against the applicant's express dissent or protest. Appellant Fellowes having applied for a bond for one year, and having agreed to indemnify the company against loss thereunder or under a continuation of the bond, cannot be made liable for a continuation of the bond which the surety company chose to give to the state of New York without Fellowes' consent, and indeed, in this case, against his positive protest.

As to his liability for the second year's premium, it is to be observed that it was to continue until the bond was discharged or evidence furnished to the company to enable it to obtain such discharge. Although the company pleads, and it is conceded, that it was not discharged until during the course of the second year, it is not pleaded, and, of course, not proved, that evidence was not furnished to the company at the close of the first year sufficient to enable it to obtain its discharge. Were any inference to be drawn from the agreed state of facts, it would be to the contrary, in view of the concession that no exhibitions were held during the first year.

As the liability of the defendants for the premium is made to depend upon the absence of proof sufficient to entitle the bond to be discharged, and there is no allegation or evidence of the absence of proof, the judgment as against Fellowes must be reversed in its entirety and a new trial granted, with costs to appellant Fellowes to abide the event; but the judgment as against the appellant St. Nicholas Rink Athletic Club is affirmed, with costs of the appeal. All concur.